# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10772
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2016

Lyle W. Cayce
Clerk

HANDY TEEMAC,

Plaintiff-Appellant,

v.

FRITO-LAY, INCORPORATED; PEPSICO, INCORPORATED,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-2908

Before STEWART, Chief Judge, and OWEN and COSTA, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Handy Teemac filed suit against Defendants-Appellees Frito-Lay, Inc. and Pepsico, Inc. (collectively, "Frito-Lay") alleging wrongful termination. The district judge granted summary judgment in favor of Frito-Lay and dismissed Teemac's claims with prejudice. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10772

## I.

From July 21, 2011 through June 26, 2012, Teemac was employed by Frito-Lay under an "at-will" contract whereby he performed sanitation and janitorial duties approximately two nights a week at a manufacturing plant in Irving, Texas. On May 19, 2012, Teemac was injured at work when the equipment he was using broke and sprayed chemicals in his face. He was subsequently examined by a physician who released him to return to work without restrictions on his next scheduled work day. Although he had been released to return to work, Teemac called Frito-Lay and reported that he would be taking two weeks off of work to recover from the injury. Nearly three weeks later, Teemac called Frito-Lay and asked his supervisor when he should next report to work. The supervisor communicated to Teemac that Frito-Lay believed Teemac had quit and directed him to contact the human resources department ("HR") to determine his employment status. Teemac did not contact HR and did not return to work. Consequently, Frito-Lay sent Teemac a letter stating that his employment had been terminated effective June 26, 2012, for failing to meet the company's attendance standards.

## II.

Initially, Teemac filed suit *pro se* against Frito-Lay in state court and alleged that he was wrongfully terminated while recovering from a workplace injury. Shortly thereafter, however, Teemac filed an amended petition asserting claims under the Family Medical Leave Act ("FMLA") and Frito-Lay removed the case to federal court. *See* 29 U.S.C. § 2601, *et seq.* In the underlying federal court proceedings, Teemac asserted the following claims against Frito-Lay with respect to his termination: (1) breach of implied contract; (2) breach of covenant of good faith and fair dealing; (3) FMLA violations; (4) intentional infliction of emotional distress; and, (5) negligent infliction of emotional distress. The district court granted summary judgment

No. 15-10772

in favor of Frito-Lay and dismissed Teemac's claims with prejudice. It explained that the state claims failed on the merits and that the FMLA did not cover Teemac as he was employed for less than a year.

Teemac filed this *pro se* appeal arguing that the district court erred in granting summary judgment in favor of Frito-Lay because he "presented competent evidence which supported his contention that Frito-Lay's reason for terminating his employment was pretextual."

## III.

"We review a district court's grant of summary judgment de novo, applying the same standards as the district court." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (citation omitted).

After considering the parties' arguments as briefed on appeal, and after reviewing the record, the applicable law, and the district court's judgment adopting the findings, conclusion, and recommendation of the magistrate judge, we AFFIRM the district court's judgment and adopt its analysis in full.